FILED

APR 1 9 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff(s),<br><br>v.<br><br>JOSE RICARDO LEON,<br><br>    Defendant(s). | No. CR 10-0179 BZ<br><br>**ORDER OF DETENTION PENDING TRIAL** |

    This matter came before the Court on April 19, 2010 for a detention hearing. The defendant, Jose Ricardo Leon, was present and represented by Nina Wilder. Assistant United States Attorney Barbara Silano appeared for the government.

    Having considered the parties' proffers, and the Pretrial Services report, I find that the government has met its burden of showing that the defendant is a risk of flight, and that no conditions of release will reasonably assure his appearance. In so finding, I have considered the following factors:

    1.  Given the charge that the defendant faces, violation of 21 U.S.C. § 846, it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably

1

assure the appearance of the person as required and the safety of the community." See 18 U.S.C. §§ 3142(e), (g)(1). Defendant has not met his burden of dispelling the presumption that he is a risk of flight.

2. The defendant faces a substantial sentence of a minimum of ten years and a maximum of life imprisonment. This creates a strong incentive to flee.

3. The defendant's ties to the community are mixed. His wife, a U.S. citizen, and his two young children live with him in the area, and he has relatively stable employment. However, he also has ties to Mexico, where he still maintains citizenship. He has lived in this country since 2006. He has family in Mexico, some of whom travel between that country and the United States, and the defendant has traveled to Mexico several times himself.

4. Not long after coming to this country, he was arrested and convicted of possession of a controlled substance for sale. The current charge is related to conduct that occurred around the time of that arrest, and the wiretap evidence against the defendant is strong. While the strength of the evidence is the least important factor in determining detention, the government's evidence and the fact that the defendant has already been convicted of related conduct suggest that the possibility of a long sentence is real.

5. The defendant's proposed terms of release are insufficient to dispel the presumption that he is a risk of flight. The properties offered as security have very little equity, some of the family members willing to sign as sureties

are not financially responsible, and some were not interviewed by Pretrial Services. The defendant clearly has his family's support, but this did not prevent his past illegal activity.

6. I find that the government has met its burden of showing by a preponderance of the evidence that the defendant is a flight risk and that the proposed conditions of release will not reasonably assure his appearance.

Based on the foregoing, the government's motion for detention is **GRANTED. IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 19, 2010

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2010\RICARDO LEON DETENTION ORDER.wpd